IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sheron Postell, ) | |
| ) | C/A No.: 3:05-1936-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of ) | **O R D E R** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

I. PROCEDURAL HISTORY

Plaintiff Sheron Postell alleges that she has been disabled since August 23, 2001 because of back pain. Plaintiff filed applications for a period of disability and disability insurance benefits on November 28, 2001. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on November 5, 2002. On April 1, 2003, the ALJ issued a decision that Plaintiff was not eligible for a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, of the Act. On February 19, 2004, the Appeals Council vacated the ALJ's decision and remanded the claim for further proceedings. A supplemental hearing was held on May 13, 2004. On July 15, 2004, the ALJ issued a decision again finding that Plaintiff is not entitled to a period of disability or disability insurance under sections 216(i) and 223, respectively, of the Act. The decision of the

ALJ became the "final decision" of the Commissioner on May 17, 2005, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. On February 12, 2007, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be affirmed. Plaintiff filed objections to the Report and Recommendation on March 1, 2007. The Commissioner filed a response to Plaintiff's objections on March 8, 2007.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a de novo determination of any portions of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes

the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

III. DISCUSSION

The facts are set out in detail in the Report and Recommendation. Briefly, Plaintiff was born on December 5, 1950. She has a college education and worked for the South Carolina Employment Security Commission for over twenty-nine years. Plaintiff has been treated for low back and right leg pain at least since she was in her 30s. Plaintiff was treated over the years with lumbar epidural steroid injections and nerve root blocks. Plaintiff underwent back surgery on August 24, 2001. Her physician Stephen E. Rawe, M.D., noted that six days postoperatively, August 30, 2001, Plaintiff's leg pain had resolved but she still had bilateral hip pain and low back pain. Tr. 214. On September 20, 2001, Dr. Rawe noted that Plaintiff complained of some burning-like pain in the right leg similar

to what she had preoperatively, but it was much better. Tr. 213. On October 22, 2001, Plaintiff complained of back and leg pain that was unchanged from her preoperative status. *Id.* On November 8, 2001, Plaintiff complained to Dr. Rawe of recurrent pain in the right lower extremity similar to pre-surgery, although not as intense. Tr. 211. Dr. Rawe found no evidence of any nerve root compression in the spinal canal, and opined that in time the symptoms would gradually improve. *Id.* However, on February 7, 2002, Dr. Rawe noted that Plaintiff "continues to be bothered by significant back and right leg pain to the point that she is unable to stand, sit or walk for only a limited amount of time. It is my impression that this patient is completely impaired from doing any type of employment." Tr. 210.

Plaintiff did not return to her employment after her August 2001 surgery. She applied for disability benefits in November 2001. On December 14, 2001, George T. Keller, III, M.D., a state agency physician, reviewed Plaintiff's medical records and completed a Physical Residual Functional Capacity (RFC) Assessment. Tr. 154-63. Dr. Keller noted that Plaintiff still complained of pain and was using a walker, though there were no obvious neurological deficits. Dr. Keller's projected assessment of expected limitations was that Plaintiff could occasionally lift and/or carry up to twenty pounds; frequently lift and/or carry up to ten pounds; stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday; sit with normal breaks for a total of about six hours in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and only occasionally stoop, kneel, crouch, or crawl.

Plaintiff undertook twelve visits to a physical therapist from May 30, 2002 to August 15, 2002, including aquatic therapy. Plaintiff reported that she was feeling stronger and able to walk and do her activities out of the house. Tr. 248.

On June 13, 2002, Joseph I. Gonzalez, M.D., a state agency medical consultant, reviewed Plaintiff's records and completed an RFP. Dr. Gonzales limited Plaintiff to occasionally lifting and/or carrying up to twenty pounds; frequently lifting and/or carrying up to ten pounds; standing and/or walking with normal breaks for a total of about six hours in an eight-hour workday; sitting with normal breaks for a total of about six hours in an eight-hour workday; occasionally climbing ramps and stairs, balancing, stooping kneeling, crouching, and crawling, and never climbing ladders, ropes, or scaffolds.

Plaintiff was treated from April to August 2004 by physicians at the Southeastern Spine Institute. Tr. 250-56, 259-73. Numerous lumbar epidural injections were performed. On August 12, 2004, an EMG and nerve conduction study indicated no evidence to suggest a cervical or lumbar radiculopathy, and no evidence to suggest a peripheral neuropathy or peripheral nerve injury. On August 30, 2004, it was reported that Plaintiff continued to experience pain but she had been diligent with a walking program and felt that, overall, her strength had improved. On exam, Plaintiff's strength was normal throughout and her reflexes were symmetrical. There was diffuse lumbar paraspinal tenderness and spasm.

On May 22, 2004, Plaintiff was examined by Douglas E. McGill, M.D. Tr. 194-96. Dr. McGill noted that Plaintiff presented with degenerative lumbrosacral spine disease with a history of anterior discectomy and fusion with residual low back pain and right leg radicular symptoms. According to Dr. McGill, Plaintiff would be restricted from repetitive fine movements such as bending or twisting, as well as heavy or repetitive lifting. He further noted that Plaintiff would not be able to work in prolonged standing, walking, or sitting positions, and that she should avoid lifting from the floor or to overhead levels.

At her hearing on May 12, 2004, Plaintiff testified that she is in constant pain from her neck to her toes. Tr. 311. She testified that the back of her right leg and foot feel numb and that she experiences stabbing pain in the front of her right leg, her hips, and in the abdominal area. *Id.* Plaintiff testified that she could stand or sit for only twenty to thirty minutes, and that she was forced to lie down four to five times during the day because of the pain. Tr. 316-17. According to Plaintiff, she could not read a book or concentrate on anything when she was lying down because her pain level was so high. Tr. 319.

Dixon Pearshall, vocational expert (VE), also testified at the hearing. The ALJ posed the following hypothetical question to the VE:

> [L]et's just assume that we have a person who is 53 years old and a college graduate, who could be limited to light exertional level work. And there would be postural limitations so there would be no crawling or crouching or climbing or squatting or kneeling. And there would be lower extremity limitations so there would be no use of the legs or feet for pushing or pulling of foot or leg controls. And there would be upper extremity limitations so there would be no use of the arms for work above shoulder level. And there would be environmental restrictions so that there would be no exposure to extremes of temperature or humidity or unusual dust, gases or fumes. And the job would offer the ability to alternate between sitting and standing and still allow the person to perform the job functions. Now, are there jobs that would fit that hypothetical that exist in the state of South Carolina.

Tr. 320-21.

The VE reported that light, unskilled jobs existed as assembler (16,000 positions in South Carolina) and hand packer (4,000 jobs). The VE noted that no positions would allow an employee to be off duty or to lie down or to rest for an hour or so after the completion of a project. Tr. 321-22.

The ALJ found that Plaintiff's back pain, along with other complaints asserted at her hearing, were severe when considered in combination within the meaning of the Regulations, but that they were not severe enough to meet or medically equal, either singly or in combination, one of the

impairments listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found that Plaintiff's allegations were inconsistent with the medical evidence of record, her reports to her physicians, and the treatment sought and received. Tr. 22. The ALJ determined that Plaintiff's testimony was not fully credible concerning the severity of her symptoms and the extent of her limitations. The ALJ noted that Plaintiff could drive, cook, and vacuum. Accordingly, the ALJ found that Plaintiff possessed the residual functional capacity for light unskilled work with a sit/stand option. The ALJ determined that the RFC assessments were entitled to some weight because they were supported by the objective medical evidence of record. Tr. 25. The ALJ determined that Plaintiff could perform a number of light unskilled jobs that exist in significant numbers in the local economy, as testified to by the VE. Accordingly, the ALJ concluded that Plaintiff was not under a disability as defined in the Act. Tr. 26.

The Magistrate Judge determined that the ALJ's credibility determination regarding Plaintiff's subjective complaints of pain was supported by the evidence in the record. Plaintiff asserts that the Magistrate Judge erred in adopting the particulars of the record provided by the ALJ as the basis for a determination that Plaintiff lacked credibility and claimed pain that was inconsistent with the medical findings. The court disagrees.

The Magistrate Judge noted that, in assessing credibility and complaints of pain, the ALJ must (1) determine whether there is objective evidence of an impairment that reasonably could be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a plaintiff's subjective complaints of pain, along with all of the evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 591-92 (4th Cir. 1996). The Magistrate Judge thoroughly recounted the medical evidence in the record and found it supported the ALJ's decision. The Magistrate Judge also

determined that Plaintiff's activities of daily living supported the ALJ's decision. In addition, the Magistrate Judge noted that, despite her allegations of disabling pain, Plaintiff took only over-the-counter and nonsteroidal anti-inflammatory medications, such as Motrin or Tylenol Arthritis, for long periods of time to control her pain. *See Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984).

Plaintiff's objections to the Magistrate Judge's Report and Recommendation merely reiterate, almost verbatim, the arguments contained in her brief and presented to the Magistrate Judge. The court has thoroughly reviewed the record and agrees with the Magistrate Judge that the record contains substantial evidence to support the ALJ's determination that Plaintiff's subjective complaints of disabling pain are not fully credible. Plaintiff's objections are without merit.

### III.  CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 13, 2007.